# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHARIDAN STILES and STILES 4 U, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC., and AMERICAN INTERNATIONAL INDUSTRIES, <br><br> Defendants. | Case No. 1:20-mc-00002-SJD-SKB <br><br> District Judge Susan J. Dlott <br><br> Magistrate Judge Stephanie K. Bowman |

**MOTION TO SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NON-PARTY THE PROCTER & GAMBLE COMPANY'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to the Court's Local Rule 5.2.1, Plaintiffs Sharidan Stiles and Stiles 4 U, Inc. ("Plaintiffs"), by and through their undersigned counsel, hereby file this Motion to Seal Documents designated as Confidential Material by Defendants Walmart Inc. ("Walmart") and American International Industries ("AI" and together, "Defendants"), and non-party Pacific World Corporation ("PWC") (the "Motion"). The Request seeks to seal Exhibits 2-9 and 11-21 (the "Exhibits") to the concurrently filed the Declaration of Dan Terzian in Support of Plaintiffs' Opposition to P&G's Motion to Quash, dated February 12, 2020 (the "Terzian Decl.") filed in support to Plaintiffs' Memorandum in Opposition to Non-Party The Procter & Gamble Company's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action (the "Opposition Brief"). Additionally, the Motion seeks to redact any citations, quotations, or other references to such Confidential Material within the Opposition Brief.

Pursuant to Local Rule 5.7.1, documents may be sealed only by leave of Court upon motion and for good cause shown. S.D. Ohio Local Rule 5.7.1. However, in the underlying *Stiles* action that gives rise to P&G's motion to quash, the Court entered a Stipulated Protective Order, which indicates that, "[i]f a party files papers that include Confidential Material of another party, the filing party shall file a request to seal indicating that another party has designated the Confidential Material for protection . . . ." (*See* Protective Order at ¶ 14, *Stiles v. Walmart, Inc. et al.*, Case No. 2:14-cv-02234-MCE-DMC (E.D. Cal. Dec. 3, 2018), ECF No. 178 (attached to Terzian Decl. as Exhibit 10).) However, the requesting party is not required to set forth "'the basis for sealing,' 'the statutory or other authority for sealing, the requested duration, [and] the identity, by name or category, of persons to be permitted access to the documents'"—which it would ordinarily be required to do under Local Rule 141(b) of the Eastern District of California and Local Rule 5.7.1 of the Southern District of Ohio. (*See id.*)

1

Pursuant to the terms of the Protective Order, the "designating party shall respond to the request to seal within three (3) days, setting forth" the required information. (*See id.*) Here, the materials at issue were designated confidential by Defendants and third-party PWC. Accordingly, Plaintiffs will not set forth the basis for sealing these documents, and Defendants and PWC, pursuant to the Protective Order, shall within three (3) days respond to this Motion.

Plaintiffs therefore request that the Court seal the following exhibits to the Terzian Declaration (and redact information in the Opposition Brief derived from those exhibits) that have been designated as confidential by defendants Walmart or AI, or third-party PWC:

1. **Exhibit 2:** March 28, 2013 email from AI bates stamped AII_00001100-07;

2. **Exhibit 3:** February 16, 2015 email and excerpts of an attachment between Walmart and Pacific World Corporation bates stamped PWC003460-64;

3. **Exhibit 4:** June 26, 2016 document created by PWC, bates stamped PWC006320;

4. **Exhibit 5:** October 13, 2008 email from P&G, bates stamped WM-STILES-0004545–0004546;

5. **Exhibit 6:** attachment to an email dated October 13, 2008, created by P&G, bates stamped WM-STILES-0004547;

6. **Exhibit 7:** Excel spreadsheet attached to an email dated October 13, 2008, created by P&G, bates stamped WM-STILES-0004548;

7. **Exhibit 8:** Excel spreadsheet bates stamped WM-STILES-0003319;

8. **Exhibit 9:** Excel spreadsheet created in 2010, bates stamped WM-STILES-0003326;

9. **Exhibit 11:** September 18, 2009 email from Heather Ronchetto bates stamped WM-STILES-0003320;

10. **Exhibit 12:** September 18, 2009 email from Heather Ronchetto bates stamped WM-STILES-0003327;

11. **Exhibit 13:** August 20, 2009 email from Heather Ronchetto bates stamped WM-STILES-0003316–0003318;

12. **Exhibit 14:** November 16, 2009 email from Heather Ronchetto bates stamped WM-STILES-0002185;

13. **Exhibit 15:** November 16, 2009 email from P&G bates stamped WM-STILES-0002186 ;

14. **Exhibit 16:** November 16, 2009 email from P&G bates stamped WM-STILES-0002189-0002190;

15. **Exhibit 17:** November 17, 2009 email from Heather Ronchetto bates stamped WM-STILES-0002197-0002200;

16. **Exhibit 18:** March 10, 2010 email from P&G bates stamped WM-STILES-0002236;

17. **Exhibit 19:** March 10, 2010 email from Heather Ronchetto bates stamped WM-STILES-0002237-0002238;

18. **Exhibit 20:** March 10, 2010 email from P&G bates stamped WM-STILES-0002239-0002240;

19. **Exhibit 21:** Excel spreadsheet bates stamped WM-STILES-0003375;

20. Opposition Brief at p. 1, last and second-to-last paragraph;

21. Opposition Brief at p. 2, first and second paragraph;

22. Opposition Brief at p. 3, last paragraph;

23. Opposition Brief at p. 4, first and second paragraphs, references to Exhibits 3, 4, and 5;

24. Opposition Brief at p. 5;

25. Opposition Brief at p. 6, first, second, and third paragraphs;

26. Opposition Brief at p. 7;

27. Opposition Brief at p. 8, reference to Exhibits 19, 20, and 21;

28. Opposition Brief at p. 9, first paragraph and last paragraph; and

29. Opposition Brief at p. 13, first two paragraphs (not including bulleted list).

3

To be clear, Plaintiffs believe that the documents should *not* be sealed. Plaintiffs make this request solely because it's a required procedural step to enable the entities that desire sealing to attempt to seek it.

Accordingly, Plaintiffs file this Motion and proposed order, and they will provide hard copies of the documents for in-camera review in accordance with this Court's Standing Order. Plaintiffs will also serve Defendants' and PWC's counsel with a copy of the Motion and the proposed sealed documents via electronic mail.

Dated:  February 12, 2020

Respectfully submitted,

By:  s/ *Thomas D. Warren*
Thomas D. Warren (0077541)
twarren@piercebainbridge.com
**Pierce Bainbridge Beck Price & Hecht LLP**
30195 Chagrin Blvd., Suite 210N
Pepper Pike, OH 44124
tel: (213) 262-9333
fax: (213) 279-2008

*Counsel for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*