UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHARIDAN STILES, et al., | : | Case No. 1:20-mc-00002-SJD-SKB |
| Plaintiffs, | : | |
| v. | : | Judge Susan J. Dlott |
| WALMART INC., et al., | : | |
| Defendants. | : | |

**WALMART INC.'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NON-PARTY THE PROCTER & GAMBLE MOTION TO QUASH**
<u>**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**</u>

Walmart Inc., by and through its undersigned counsel, hereby files its Response to Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s ("Plaintiffs") Motion to Seal Documents in Support of The Procter & Gamble Company ("P&G") Motion to Quash the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") that P&G received on or about January 8, 2019 (ECF No. 4).

## I.  BACKGROUND

On February 12, 2020, Plaintiffs served and filed a memorandum of law in opposition (the "Opposition Brief") to third party P&G's motion to quash (ECF No. 5) and concurrently filed the Declaration of Dan Terzian in support of Plaintiffs' opposition (the "Terzian Declaration") (ECF No. 5-1).  Plaintiffs also filed a Motion to File Documents Under Seal (the "Motion to Seal") to request approval to redact portions of their Opposition Brief and to seal certain exhibits submitted in support of the Opposition Brief.  *See* ECF No. 4.

## II. THE EXHIBITS AT ISSUE

Pursuant to this Court's Standing Order at I.E.4 and Local Rule 5.2.1, a party seeking to file documents under seal must first seek leave of the court to do so. Further, a motion for leave to file documents under seal must set forth the particularized reasons such documents should be sealed, in accordance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and its progeny. *Id*. Counsel must provide a hard copy of the documents for in-camera review to Chambers the same day the motion is filed, and the motion should be supported by a proposed order granting the motion emailed to Chambers. *Id*. As explained in greater detail below, the Exhibits that Walmart requests be kept under seal have already been ordered sealed by the district court in the underlying action in the Eastern District of California. *See* Declaration of Jeremy Ostrander ("Ostrander Declaration") ¶ 4, Ex. 3 (Order Granting Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s Request to Seal Documents and Redact Motion, *Stiles v. Walmart Inc.*, 2:14-cv-02234-MCE-DMC (E.D. Cal. Dec. 3, 2018), ECF No. 242 (the "Sealing Order")). Consistent with that order, Walmart respectfully requests that the following documents remain under seal, and that Plaintiffs be ordered to file redacted versions of those documents in the public docket:[1]

1. Exhibit 5: Email from P&G's Matthew Williamson to Walmart's Heather Ronchetto with a subject line "Week 37 Inventory Report and New Item Tracker," dated October 13, 2008, Bates Nos. WM-STILES-0004545–0004546. The document contains confidential business information of Walmart and third parties, namely the number of weeks on hand of various supplier's products. This information if publicly known could create a competitive

---

[1] The numbering of the Exhibits that Plaintiffs filed under seal and Plaintiffs' Motion to Seal do not match the Exhibit references within Plaintiffs' Opposition Brief. Walmart has adopted the numbering from the Exhibits that Plaintiffs filed under seal and Plaintiffs' Motion to Seal.

advantage to third parties and harm Walmart's suppliers who are not a party to this action. *See* ECF No. 5-2, at 82-84.

2. Exhibit 6: Inventory Report attached to the email dated October 13, 2008, created by P&G's Sarah Kamm, Bates No. WM-STILES-0004547, and attached to Exhibit 5 described above. The report contains confidential financial information, including point of sale ("POS") sales and average retail sales of competitor products, that if known to competitors could provide any unfair advantage and potentially harm the third parties' business. *See* ECF No. 5-2, at 85-93.

3. Exhibit 7: Excel spreadsheet attached to the email dated October 13, 2008, created by Sarah Kamm of P&G, Bates No. WM-STILES-0004548. The spreadsheet contains Walmart's proprietary and financial information, such as retail sales (in units and dollars) by item for an entire product category at Walmart. Disclosure of such confidential financial information, if known to Walmart's or the included suppliers' competitors, may provide a competitive advantage. *See* ECF No. 5-2, at 94-96.

4. Exhibit 8: Excel spreadsheet containing the proposed line review, brand ranking, and modular placement for the Stiles Razor created in 2010, Bates No. WM-STILES-0003319. The spreadsheet contains confidential business and financial information of Plaintiffs and Walmart. In particular, the document contains proprietary information of how Walmart asks suppliers to value their products and make submissions for potential inclusion of products in a product category. Such information if known could cause a competitive harm to Walmart. *See* ECF No. 5-2, at 97-106.

5. Exhibit 9: Excel spreadsheet containing the line review, brand ranking, and modular placement for the Stiles Razor created in 2010, Bates No. WM-STILES-0003326. The spreadsheet contains confidential business and financial information of Plaintiffs and Walmart.

The document also contains proprietary information of how Walmart asks suppliers to value their products and make submissions for potential inclusion of products in a product category. Such information if known could cause a competitive harm to Walmart. *See* ECF No. 5-2, at 107-13.

6. Exhibit 11: Email from Walmart's Heather Ronchetto to P&G's Cheryl Chapman with a subject line "Add Delete #3," dated September 18, 2009, Bates No. WM-STILES-0003320. The document contains proprietary commercial information regarding submissions made to Walmart from various suppliers in the Wet Shave department who are not parties to this litigation. *See* ECF No. 5-2, at 125-26.

7. Exhibit 12: Email from Walmart's Heather Ronchetto to P&G's Cheryl Chapman with a subject line "Add/Delete," dated September 18, 2009, Bates No. WM-STILES-0003327. The document contains proprietary commercial information regarding submissions made to Walmart from various suppliers in the Wet Shave department. *See* ECF No. 5-2, at 127-28.

8. Exhibit 13: Email from Walmart's Heather Ronchetto to Quest Products Inc.'s Don Ryan with a subject line "FW: Quest Products Stiles Razor for Woman and new Mens Version," dated August 20, 2009, Bates Nos. WM-STILES-0003316–0003318. The document contains proprietary information regarding Walmart's business and supplier relationship with Quest Products, working on behalf of Plaintiffs. *See* ECF No. 5-2, at 129-32.

9. Exhibit 14: A portion of an email chain between Walmart's Heather Ronchetto to P&G's Cheryl Chapman with a subject line "Stiles," dated November 16, 2009, Bates No. WM-STILES-0002185. The document contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier Proctor & Gamble. *See* ECF No. 5-2, at 133-34.

10. Exhibit 15: A portion of an email chain between P&G's Cheryl Chapman to Walmart's Heather Ronchetto with a subject line "Re: Stiles," dated November 16, 2009, Bates No. WM-STILES-0002186. The email chain reflected in Exhibits 14-17 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G. *See* ECF No. 5-2, at 135-36.

11. Exhibit 16: A portion of an email chain between P&G's Cheryl Chapman to Walmart's Heather Ronchetto with a subject line "RE: Stiles," dated November 16, 2009, Bates No. WM-STILES-0002189-0002190. The email chain reflected in Exhibits 14-17 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G. *See* ECF No. 5-2, at 137-39.

12. Exhibit 17: A portion of email chain between Walmart's Heather Ronchetto to P&G's Cheryl Chapman with a subject line "RE: Stiles," dated November 17, 2009, Bates No. WM-STILES-0002197-0002200. The email chain reflected in Exhibits 14-17 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G. *See* ECF No. 5-2, at 140-44.

13. Exhibit 18: A portion of an email chain between P&G's Cheryl Chapman to Walmart's Heather Ronchetto with a subject line "RE: Stiles Razor," dated March 10, 2010, Bates No. WM-STILES-0002236. The email chain reflected in Exhibits 18-20 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G. *See* ECF No. 5-2, at 145-46.

14. Exhibit 19: A portion of an email chain between Walmart's Heather Ronchetto to P&G's Cheryl Chapman and Nicole Sentivany with a subject line "RE: Stiles Razor," dated March 10, 2010, Bates No. WM-STILES-0002237-0002238. The email chain reflected in

Exhibits 18-20 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G.  *See* ECF No. 5-2, at 147-49.

15. Exhibit 20:  A portion of an email chain between P&G's Cheryl Chapman to Walmart's Heather Ronchetto with a subject line "RE: Stiles Razor," dated March 10, 2010, Bates No. WM-STILES-0002239-0002240. The email chain reflected in Exhibits 18-20 contains discussions of Walmart's internal stocking and supply decisions with its category manager and supplier P&G.  *See* ECF No. 5-2, at 150-52.

16. Exhibit 21:  Excel spreadsheet titled "201017 Item Ranking-2," Bates No. WM-STILES-0003375. The document contains confidential business information of Walmart, namely the category ranking, the average sales per week in units and dollars, and the number of stores that carry the products. This information if publicly known could create a competitive advantage to Walmart's competitors and potentially harm Walmart's suppliers who are not a party to this action.  *See* ECF No. 5-2, at 153-58.

17. Opposition Brief at 4, reference to Exhibit 5 in the last paragraph starting at "For instance[.]"  *See* ECF No. 5 at 4.

18. Opposition Brief at 5, references to Exhibits 5-9 and 11-13.  *See* ECF No. 5 at 5.

19. Opposition Brief at 6, references to Exhibits 8-9 and 11-13.  *See* ECF No. 5 at 6.

20. Opposition Brief at 7, references to Exhibits 12 and 14-18.  *See* ECF No. 5 at 7.

21. Opposition Brief at 8, references to Exhibits 19-21.  *See* ECF No. 5 at 8.

22. Opposition Brief at 9, references to Exhibit 21. *See* ECF No. 5 at 9.

23. Opposition Brief at 13, reference to Exhibits 5-9, 11-21 in the first two sentences of the second paragraph, starting after "P&G was[.]" *See* ECF No. 5 at 13.

Each document and reference Walmart seeks to have sealed is designated "Confidential" pursuant to the Protective Order entered by the court in the underlying litigation. *See* Protective Order, *Stiles v. Walmart Inc.*, 2:14-cv-02234-MCE-DMC (E.D. Cal. Dec. 3, 2018), ECF No. 178 (the "Protective Order") (attached to the Terzian Declaration, ECF No. 5-1, as Exhibit 10). The Protective Order permits the use of confidential information in court filings as necessary for the prosecution of the action. *See id*. ¶ 9.

### III. WALMART'S REQUEST TO REDACT AND TO SEAL DOCUMENTS

A party seeking to seal documents must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored. *Shane Grp.*, 825 F.3d at 305. "[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id*. at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The Sixth Circuit recognizes a lower presumption exists to seal documents filed in connection with discovery motions as compared to adjudicative motions. *See Counts v. GM LLC*, No. 1:16-12541, 2019 U.S. Dist. LEXIS 180488, at *7-9 (E.D. Mich. Oct. 18, 2019) (explaining the magistrate judge did not err in recognizing a lessened public interest in access to judicial records filed in support of a discovery motion) (citing *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) and *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)); *see also United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS-CHL, 2019 U.S. Dist. LEXIS 196326, at *32-34 (W.D. Ky. Nov. 13, 2019) (granting in part a motion to seal records containing profit margins, information on prior supplier bids, and confidential financial data because "the public interest in this information is low as the underlying motion is a motion to compel"); *Durbin v. C&L Tiling Inc.*,

7

No. 3:18-CV-334-RGJ, 2019 U.S. Dist. LEXIS 161967, at *45-48 161967 (W.D. Ky. Sep. 23, 2019) (granting a motion to seal financial statements and budgets filed in connection with a motion to compel); *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 2:16-cv-13040, 2018 U.S. Dist. LEXIS 129168, at *12 (E.D. Mich. Aug. 1, 2018) (granting a motion to seal financial records including Profit and Loss Statements that were filed in support of a discovery motion); *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 U.S. Dist. LEXIS 118712, at *22 (W.D. Ky. July 28, 2017) (granting a motion to seal exhibits filed in support of a motion to compel until trial without deciding whether the documents constituted trade secrets).

Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978). The information need not constitute a trade secret in order to rebut the presumption of public access. *Counts*, 2019 U.S. Dist. LEXIS 180488, at *8-9 (citing *Kondash v. Kia Motors Am.*, 767 Fed. Appx. 635, 638 (6th Cir. 2019)).

In *Durbin*, the court found compelling reasons to seal documents containing "sensitive financial information" including gross profit data, pricing data, and sales strategy documents because disclosure of the data would put the party at a "competitive disadvantage[.]" 2019 U.S. Dist. LEXIS 161967, at *45-48. Additionally, in *United States ex rel. Scott v. Humana, Inc.*, the court granted a motion to seal records containing profit margins, information on prior supplier bids, and confidential financial data based on the same considerations. 2019 U.S. Dist. LEXIS 196326, at *32-34. Similar to *Durbin* and *United States ex rel. Scott v. Humana, Inc.*, here Walmart derives independent economic value from maintaining the confidentiality of the

8

information at issue in the present motion, and Walmart treats such information as highly confidential. *See, e.g.*, Exhibit 13 to Plaintiffs' Opposition Brief (Walmart buyer, Heather Ronchetto, requesting that supplier forms not be provided to Walmart's competitors). As noted in Section II *supra*, each exhibit falls into one or more of three categories that justifies its sealing: (1) financial and proprietary information; (2) information pertaining to confidential business relationships between Walmart and suppliers; and (3) internal strategic business decisions. For example, Exhibit 9 to Plaintiffs' Opposition Brief contains financial and proprietary information relating to how Walmart asks suppliers to value their products and make submissions for potential inclusion of products in a product category. Allowing such information to be publicly known would allow competitors to copy Walmart's proprietary processes and give competitors an insight into Walmart's communications with suppliers that could lead to a competitive advantage. For these reasons, Walmart respectfully requests the Court permit Exhibits 5-9 and 11-21 to be filed permanently under seal and quotations or descriptions of the Exhibits in the Opposition Brief be redacted.

Additionally, as explained below, the Court in the underlying litigation previously sealed Exhibits 5-9 and 11-21 to the Terzian Declaration based on these considerations. *See* Ostrander Declaration, Exs. 2, 3.

## IV. EXHIBITS PREVIOUSLY SEALED BY COURT ORDER (EXHIBITS 5-9, 11-21)

Exhibits 5-9 and 11-21 to the Terzian Declaration were previously attached to Plaintiffs' motion seeking leave to join additional defendants in the underlying litigation and ordered sealed by the district court in the Eastern District of California on July 19, 2019. *See* Ostrander Declaration ¶¶ 2-4, Ex. 3. Walmart requests these documents remain sealed in accordance with the prior Sealing Order as the Exhibits contain Walmart's financial and proprietary information

and information pertaining to confidential business relationships between Walmart and suppliers, which justifies maintaining their sealing. The Ostrander Declaration filed with this motion contains a description of the outcome of the Sealing Order issued by the Court in the underlying litigation. Walmart also requests that the Court maintain the redaction of any quotations or descriptions of the Exhibits in the Opposition Brief.

The continued sealing of these documents is justified as indicated in Walmart's response to Plaintiffs' Notice of Request to seal the documents, filed on July 1, 2019 and granted by the Court. *See* Ostrander Declaration, Ex. 2 (Walmart Inc.'s Response to Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s Notice of Request to Seal Documents and Redact Motion, *Stiles v. Walmart Inc.*, 2:14-cv-02234-MCE-DMC (E.D. Cal. Dec. 3, 2018), ECF No. 236). If the documents become publicly available, competitors may use the information to the detriment of Walmart and the third parties' competitive standing, especially as the third parties sell products to other retailers.

## V. CONCLUSION

Walmart requests that the above-referenced exhibits and quotations or descriptions of the exhibits in Plaintiffs' Opposition Brief be maintained under sealed in accordance with the Court's procedures and in a manner that restricts access to the unsealed exhibits to attorneys appearing in the matter before this Court and attorneys appearing in the underlying litigation *Stiles v. Walmart Inc.*, 2:14-cv-02234-MCE-DMC (E.D. Cal.).

Walmart will file this request and supporting papers in accordance with this Court's Standing Order and ECF Rules & Instruction, §7.  Walmart will also serve Plaintiffs' counsel with a copy of the request and supporting papers via electronic mail.

                        Respectfully submitted,

Dated:　February 18, 2020　　　　　　　*/s/ John F. Marsh*　　　　　　　　

                        John F. Marsh, Trial Attorney (0065345)
                        Jolene S. Griffith (0084940)
                        Bailey Cavalieri LLC
                        One Columbus
                        10 West Broad Street, Suite 2100
                        Columbus, Ohio  43215-3422
                        Telephone No. (614) 229-3230
                        Facsimile No. (614) 221-0479
                        Email:  jmarsh@baileycav.com
                                    jgriffith@baileycav.com

                        *Counsel for Walmart, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via email and regular U.S. mail to the following this 18th day of February, 2020:

| | |
|---|---|
| Brian Dunne, Esq.<br>Thomas David Warren<br>PIERCE BAINBRIDGE BECK PRICE & HECHT LLP<br>355 S. Grand Ave., 44th Floor<br>Los Angeles, CA 90071<br>bdunne@piercebainbridge.com<br>twarren@piercebainbridge.com | Joseph E Greiner<br>Mark G. Arnzen , Jr.<br>Dinsmore & Shohl<br>225 East Fifth Street<br>Suite 1900<br>Cincinnati, OH 45202<br>513-977-8200<br>Fax: 513-977-8141<br>Email:  joseph.greiner@dinsmore.com<br>           mark.arnzen@dinsmore.com |

*/s/ John F. Marsh*
John F. Marsh, Trial Attorney (0065345)

*Counsel for Walmart, Inc.*